IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00831-BNB

DAVID H. LYNCH,

Plaintiff,

v.

JOHN E. POTTER (Postmaster General),

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 22 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, David H. Lynch, initiated this action by filing *pro se* a Title VII Complaint. On May 21, he filed an amended Title VII Complaint. The court must construe the amended complaint liberally because Mr. Lynch is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lynch will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and has determined that the amended complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lynch fails to provide a short and plain statement of his claims showing that he is entitled to relief. It is clear that Mr. Lynch is asserting claims of employment discrimination in this action. In the portion of the amended Title VII Complaint that describes the nature of the case, Mr. Lynch indicates that he was discriminated against on the basis of his race, disability, and age by being terminated from his employment. Mr. Lynch also indicates that he suffered retaliation for a prior employment discrimination complaint. However, in the section of the amended Title VII Complaint in which Mr. Lynch actually asserts his claims for relief, he fails to allege specific facts in support of those claims. For example, Mr. Lynch asserts that "[r]ace seems to be involved also in this case" and that "[a]ge could also appear to be a factor" (Am. Title VII Compl. at 4,) but he fails to provide specific allegations for why he believes that he

suffered employment discrimination on the basis of his race and age. Mr. Lynch's claims of retaliation and disability discrimination also lack specific supporting factual allegations. Mr. Lynch also asserts another claim, the first claim in the amended complaint, that has no apparent relation to his contentions that he was terminated from his job because of his race, age, and disability and in retaliation for a prior employment discrimination complaint.

For these reasons, Mr. Lynch will be ordered to file a second amended complaint. In order to comply with Rule 8, Mr. Lynch must allege, clearly and concisely, the specific facts that support each claim he is raising in this action. Accordingly, it is

ORDERED that Mr. Lynch file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lynch, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Lynch fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00831-BNB

David H. Lynch
7874 S. Windermere Circle
Littleton, CO 80120

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Title VII Complaint** to the above-named individuals on 5/22/08

                                     GREGORY C. LANGHAM, CLERK

                            By: _____
                                          Deputy Clerk